62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge ORTIZ-SALAZAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70018.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 19, 1995.*
Decided Aug. 2, 1995.
 
 Before: FARRIS, NOONAN and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Ortiz-Salazar, a native and citizen of Mexico, petitions this Court for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his request for Sec. 212(c) relief. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 I.
 
 3
 Ortiz-Salazar, a legal permanent resident since 1965, was convicted in Washington state court in January 1991 of first degree child molestation of a five-year-old girl. In April 1991, he was convicted of statutory rape of his seven-year-old niece. In July 1991, the INS issued an order to show cause why Ortiz-Salazar should not be deported pursuant to 8 U.S.C. Sec. 1251(a)(2)(A)(ii) as an alien convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal conduct.
 
 
 4
 Ortiz-Salazar admitted the allegations of the OSC, conceded deportability, and sought Sec. 212(c) relief from deportation. See 8 U.S.C. Sec. 1182(c). After a hearing on the request for relief, the IJ denied Ortiz-Salazar's request and ordered him deported. The BIA summarily dismissed his subsequent appeal, an action that this Court found to be inappropriate under the facts presented. See Ortiz-Salazar v. I.N.S., 1993 WL 217100 (9th Cir.1993) (unpublished disposition). We remanded the matter to the BIA for consideration of Ortiz-Salazar's claim that the IJ incorrectly concluded that the outstanding equities he presented did not warrant discretionary relief under Sec. 212(c).
 
 
 5
 In a five-page opinion, the BIA concluded that he was not entitled to discretionary relief. Ortiz-Salazar appealed to this Court. He claims that the BIA erred by (1) viewing the lack of evidence of rehabilitation as an adverse factor; (2) requiring him to demonstrate outstanding equities to be eligible for discretionary relief; and (3) failing adequately to consider and weigh the equities in his favor, while assigning too much weight to the factors adverse to him. We address each of Ortiz-Salazar's contentions below.
 
 II.
 
 6
 The standard of review we apply depends on the nature of our inquiry. We review de novo the legal standard applied by the BIA. Ayala-Chavez v. I.N.S., 944 F.2d 638, 641 (9th Cir.1991). We review the balancing of equities underlying a Sec. 212(c) determination for abuse of discretion. Yepes-Prado v. I.N.S., 10 F.3d 1363, 1366 (9th Cir.1993). In addition, an error of law constitutes an abuse of discretion. Id.
 
 A. Evidence of Rehabilitation
 
 7
 Ortiz-Salazar argues that the BIA committed an error of law by considering an alleged lack of evidence of rehabilitation as an adverse factor. We believe, however, the Ortiz-Salazar mischaracterizes the BIA's consideration of the rehabilitation issue. We quote from the BIA's decision:
 
 
 8
 We also note that the respondent reports that he is participating in a sex offenders treatment program, which he had been in for 6 months at the time of his deportation hearing. While rehabilitation is not an absolute prerequisite to a favorable exercise of discretion, it is a significant factor to be considered in the exercise of that discretion. [Citations omitted.] We also note that the respondent is an admitted pedophile who had used both force and threats of violence in connection with his criminal behavior. Thus, while the respondent reports that he is making an attempt at rehabilitation, we see no evidence that rehabilitation has occurred.
 
 
 9
 Rather than suggesting that the BIA considered the lack of rehabilitation to be an adverse factor, this excerpt indicates that the BIA simply did not believe that Ortiz-Salazar presented sufficient evidence of rehabilitation such that the BIA could consider rehabilitation to be a favorable factor. The BIA did not abuse its discretion in reaching this conclusion.
 
 B. Outstanding Equities
 
 10
 Ortiz-Salazar next argues that the BIA improperly imposed a heightened standard of proof with regard to equities. Specifically, the BIA concluded that the nature of Ortiz-Salazar's conduct was such that he was required to demonstrate unusual and outstanding equities to offset the seriousness of his crimes. Ortiz-Salazar argues that no authority supports the BIA's decision to apply the "unusual and outstanding equities" standard in this case. We review this issue de novo, see Ayala-Chavez, 944 F.2d at 641, and find no error. "Outstanding equities must ... be demonstrated where the applicant's record reflects a pattern of serious criminal activity. Id. (citing Matter of Buscemi, Int.Dec. 3058 (BIA 1984)). The BIA noted that Ortiz-Salazar had been convicted of two sexual offenses against children and concluded that these crimes involved "serious misconduct." The BIA did not err in requiring Ortiz-Salazar to demonstrate outstanding equities under these facts.
 
 
 11
 C. The BIA's Analysis of Adverse and Positive Factors
 
 
 12
 Ortiz-Salazar's final argument is that the BIA abused its discretion in assigning too much weight to the factors adverse to his request for discretionary relief and in failing adequately to consider the positive factors presented. We disagree. A review of the BIA's opinion indicates that the Board adequately identified and considered all the factors bearing on Ortiz-Salazar's eligibility for discretionary relief. It discussed his family ties, his length of residence in the United States, his employment history and the fact that he owns a home in this country. It also noted that Ortiz-Salazar's family would be negatively affected by his deportation, but observed that this equity was diminished by his wife's testimony that she was contemplating divorce. The Board also considered the potential hardship on Ortiz-Salazar if he were returned to Mexico. The BIA, however, found these factors insufficient to outweigh the seriousness of Ortiz-Salazar's crimes. We do not believe that the BIA abused its discretion in balancing the equities in the manner it did.
 
 III.
 
 13
 For the foregoing reasons, Ortiz-Salazar's petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.R. 34(a) and Ninth Circuit Rule 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3